### RICHARD M. SCOTT, PLAINTIFF IN ERROR v. EZRA LUNT'S ADMINISTRATOR, DEFENDANT IN ERROR.

The plaintiff claimed in his declaration the sum of one thousand two hundred and forty-one dollars, and laid his damages at one thousand dollars: a general verdict having been given against him, the matter in dispute is the sum he claims, ad quod damnum. The court cannot judicially take notice, that by computation it may possibly be. made out as matter of inference from the plaintiff's declaration, that the claim may be less than one thousand dollars; much less can it take such notice in a case where the plaintiff might be allowed interest by a jury, so as to swell the claim beyond one thousand dollars.

ERROR to the circuit court of the United States for the county of Alexandria.

The plaintiff in error brought an action of covenant on a deed for certain premises in the city of Alexandria, by which the same were granted to Ezra Lunt, the defendant's intestate, reserving a yearly rent charge of seventy-three dollars. The declaration stated that the plaintiff became entitled to demand and have of the said Ezra, in his lifetime, and of the defendant after his death, the said annual rent of seventy-three dollars; "and the said plaintiff, in fact saith, that after the death of the said Ezra there became due and owing to him, from the defendant, as administrator aforesaid, for the rents aforesaid, from the 8th day of August 1812 to the 8th day of August 1824, the sum of twelve hundred and forty-one dollars, which said sum of twelve hundred and forty-one dollars the said defendant, since the death of the said Ezra Lunt, has altogether failed to pay to the said plaintiff; and so the said plaintiff saith, that the said defendant, as administrator aforesaid, hath broken the covenant aforesaid, whereby the said plaintiff hath been injured, and hath sustained damage to the value of one thousand dollars, and thereof he brings suit."

The defendants pleaded a re-entry on the premises for non-payment of the rent, by virtue of the condition of re-entry contained in the deed before the day specified in the declaration for the payment of the same; and that the plaintiff held and occupied the premises vested in him by the re-entry. Upon this plea issue was joined, and a verdict and judgment were rendered in favour of the defendant.

[Scott v. Lunt's Administrator.]

Bills of exceptions to the ruling of the court on matters of law were tendered by the plaintiff, and this writ of error was prosecuted by him.

Mr Jones, for the defendant, moved to dismiss the case for want of jurisdiction. The declaration shows that the plaintiff's claim does not amount to the sum of one thousand dollars. The action is for a rent charge of seventy-three dollars per annum, which is alleged to be due from the 8th day of August 1812 to the 8th day of August 1824, a period of twelve years; and therefore amounting to no more than the sum of nine hundred and sixteen dollars. The act of congress authorising writs of error to this court in suits instituted in the district of Columbia, requires that the value of the property, or the sum in controversy, shall be one thousand dollars. By the plaintiff's own showing, there is no jurisdiction. The assertion that the ground rent amounts to twelve hundred and forty-one dollars, is contradicted by the statement that the rent is in arrear for twelve years, and no more, from 8th August 1812 to 8th August 1824.

No interest is allowed on a rent charge in arrear.

Where the declaration does not show a prima facie claim to an amount which will give jurisdiction, it is admitted that this may be proved aliunde. But here there is nothing more than the pleadings; and they establish that the actual claim is less than one thousand dollars.

Mr Swann, for the plaintiff in error, argued, that the court will take, as the rule for jurisdiction, the amount stated in the declaration. 2 Dallas, 352; 5 Cranch, 13. It is there represented as twelve hundred and forty-one dollars, and the damages are claimed to be one thousand dollars. The defendant sets up the defence of a re-entry; and thus the whole of the right of the plaintiff to the rent charge of seventy-three dollars per annum was in issue. It is this right which is now before this court on the writ of error, and its value far exceeds one thousand dollars.

If the court will look at the amount of the rent in arrear, and add the interest upon the same, there is a sum much greater than one thousand dollars claimed. The recovery here can

[Scott v. Lunt's Administrator.]

only be from the administrator of the amount of assets; but if the court dismiss the writ of error, the plaintiff cannot go against the land for the residue of the arrears.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

Upon an inspection of the record, it appears that the plaintiff claims in his declaration the sum of twelve hundred and forty-one dollars as remaining due to him, and he has laid the ad damnum at one thousand dollars. Under such circumstances, a general verdict having been given against him, the matter in dispute is, in our opinion, the sum which he claims in the ad damnum. The court cannot judicially take notice, that by computation it may possibly be made out as matter of inference from the declaration, that the plaintiff's claim, in reality, must be less than one thousand dollars: much less can it take such notice in a case where the plaintiff might be allowed interest on his claim by the jury, so as to swell his claim beyond one thousand dollars. The motion to dismiss for want of jurisdiction is overruled.