JAMES N. OLNEY, LIBELLANT AND APPELLANT, v. THE STEAM-SHIP FALCON, HER TACKLE, &c., AND GEORGE LAW AND MARSHALL O. ROBERTS, CLAIMANTS.

Where it was alleged in a libel, that the libellant was "entitled to recover from the vessel the damages by him sustained, which amount to the sum of eighteen hundred dollars and upwards," the sum was not sufficient to bring the case within the jurisdiction of this court.

Interest, not being specially claimed, cannot be computed, for it is considered as a part of the damages, being merged in that claim, and is not estimated as a distinct item.

THIS was an appeal from the circuit court of the United States for the southern district of New York.

A libel was filed in the district court, by Olney, alleging the shipment and non-delivery of a box of merchandise, in consequence of which he was entitled to recover the damages by him sustained, which amounted to the sum of eighteen hundred dollars and upwards.

The district court dismissed the libel, and the circuit court affirmed the decree. The libellant appealed to this court.

*Mr. Cutting* moved to dismiss the appeal, upon the ground that the amount in controversy appeared, by the record, to be less than two thousand dollars, exclusive of costs.

The motion was argued by *Mr. Cutting*, in support thereof,

and by *Mr. Bradley*, with whom was *Mr. Benedict*, in opposition thereto.

The reporter has no notes of *Mr. Cutting's* argument.

*Mr. Bradley* filed the following affidavit of value, and then made the following points:—

### Affidavit of value.

Charles L. Benedict, of the city of New York, counsellor at law, being sworn, says that he is the proctor for the libellant in this cause.

That the libellant resides out of the city of New York, and deponent has not been able to communicate with him since the notice of the motion to dismiss the appeal in this cause was received. That the amount actually claimed, in good faith, in the original libel in this cause, is one thousand eight hundred dollars, over and above the interest thereafter to accrue, and that, with the interest, the same actually amounted to          exclusive of costs, at the time when the appeal in this cause was taken to the decree of the circuit court. And deponent further says, that it is the usual practice, in the southern district of New York, under the 44th rule of this court, in admiralty, to refer questions of damages to a commissioner, to ascertain and compute the amount, after the court shall have given its decree for the plaintiff, so that the full testimony of the amount of damages is not given on the principal hearing.

And deponent further says, that the rules of the district court require libels to be sworn to; so that it is necessary, in stating the amount claimed, to state the same as it actually and in truth exists at the time the libel is sworn to, and on such libels the court, in its final decree, gives such amount as the libellant shall be entitled to recover on his case, whether the same be more or less than the amount in the libel.          CHAS. L. BENEDICT.

Subscribed and sworn to by Charles L. Benedict, this 20th day of December, A. D. 1854, before me,

CHAS. ELIOT SCOVILLE, *U. S. Com'r.*

### Points.

I. It is the matter in dispute in this court, at the time of the appeal, and not the amount in the original libel, which controls the jurisdiction.

In Gordon *v.* Ogden, 3 Pet. 34, the court says: " Upon the true construction of the judicial act, the jurisdiction of the court depends upon the sum in dispute between the parties, as the case stands upon the writ of error." The appeal states that the

original claim was for eighteen hundred dollars and upwards, besides the interest; that, on the hearing, the libellant claimed the said principal and the interest, amounting to two thousand two hundred and fifty dollars, and that the libellant was entitled to recover, on his proofs and allegations, two thousand two hundred and fifty dollars, October 14, 1853.

That was our claim at the time of the appeal; another year's interest has since been added.

The libel was sworn to on February 27, 1850, and the amount sworn to, at that time, was eighteen hundred dollars and upwards, — a sliding sum, to cover interest as it should accumulate by delay.

II.  If the computation of interest will make the amount large enough, then the court has jurisdiction.

In Scott *v.* Lunt's Administrator, 6 Pet. 351, the court says: " The court cannot judicially take notice that, by computation, it may possibly be made out, as matter of inference, from the declaration, that plaintiff's claim in reality must be less than one thousand dollars, (the case was from the district); much less can it take such notice in a case where the plaintiff might be allowed interest on his claim by the jury, so as to swell his claim beyond one thousand dollars, (the limit in the district.) "

III.  Where the decree is against the plaintiff, then the " matter in dispute" is the largest amount which he may recover.

In Gordon *v.* Ogden, 3 Pet. 34, the court say: " If the writ of error be brought by the plaintiff below, then the sum which his declaration shows to be due, may be still recovered, should the judgment be reversed.   And, consequently, the whole sum claimed is still in dispute.   It is the uniform practice, in the southern district of New York, to establish, on the hearing only, the liability, and to have the amount of the damages ascertained on a reference to a commissioner; so that the proofs in the record are not the full proofs as to the amount.

IV.  Where the matter in dispute is not fixed by the record, it may be shown by affidavit.   4 Dallas, 22; 3 Dallas, 401; 4 Cranch, 216.

V.  Under the 24th admiralty rule of the supreme court, the libel may be amended at any time, as of course, on application to the court.   If this be necessary, we now move to amend the libel, by inserting, " together with the interest to the time of the final decree in this court, or any appellate court."

Mr. Justice McLEAN delivered the opinion of the court.

This is an appeal from the circuit court of the United States for the southern district of New York, in admiralty.

A motion is made by defendants' counsel to dismiss the appeal, for want of jurisdiction.

Olney *v.* Steam-ship Falcon et al.

In the libel, the shipment of a box of merchandise, which was not delivered to the consignee, &c., is alleged, and that the libellant is entitled to recover of said vessel the damages by him sustained, which amount to the sum of eighteen hundred dollars and upwards," &c.

The district court dismissed the libel, from which decision an appeal was taken to the circuit court, and that court affirmed the decision of the district court. From this last decision, an appeal has been taken to this court.

On the part of the appellant it is stated, that the claim was for eighteen hundred dollars and upwards, besides the interest; that, on the hearing, the libellant claimed the said principal and interest, amounting to two thousand two hundred and fifty dollars, and that he was entitled to recover, on his proofs and allegations, that sum. That this was the claim at the time of the appeal, and that another year's interest has since accrued. And it is contended that the sum sworn to, being eighteen hundred dollars and upwards, was intended to cover the accruing interest.

The right of appeal from the circuit to the supreme court is given, "where the matter in dispute exceeds the sum or value of two thousand dollars, exclusive of costs." The defendant can appeal, where the judgment or decree against him exceeds the sum or value of two thousand dollars; but an appeal may be taken by the plaintiff where his claim of damages, in the declaration or libel, exceeds the above sum, or where the value of the thing claimed exceeds it, as this is held to be the matter in dispute.

The appellant, in this case, claims in his libel, which is sworn to, eighteen hundred dollars and upwards. The words, "and upwards," it is said, were intended to embrace the interest, and that, if this be calculated from the time of filing the libel up to the time of the trial, the sum would exceed two thousand dollars.

The interest, in an action of this kind, if taken into view, is considered as a part of the damages, being merged in that claim, and is not estimated as a distinct item. The claim of more than eighteen hundred dollars, is too indefinite to give jurisdiction under the act of Congress; and the interest not being specially claimed, for the reason stated, cannot be computed. The appeal is, therefore, dismissed, for want of jurisdiction. Gordon *v.* Ogden, 3 Pet. 34; Scott *v.* Lunt's Administrator, 6 Pet. 349.

*Order.*

This cause came on to be heard, on the transcript of the record, from the circuit court of the United States for the southern district of New York, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged, by this court, that this cause be, and the same is hereby, dismissed, for the want of jurisdiction.