JOHN P. HEDGECOCK *v.* HENRY DAVIS and others.

The jurisdiction conferred upon Justices of the Peace by the Constitution, Art. IV, sec. 33, extends to all sums of two hundred dollars and under, *exclusive of interest.*

Where questions of constitutional construction are doubtful, Courts will defer to a previous decision thereupon made by the Legislature.

(*Birch* v. *Howell*, 8 Ire. 468 ; *Moore* v. *Fuller*, 2 Jon. 205, approved.)

CIVIL ACTION, tried before *Cloud, J.*, at Spring Term 1870 of FORSYTHE Court.

The complaint was founded upon a note, executed by the defendants, for two hundred dollars, dated May 17, 1859, the interest upon which, after deducting certain payments, amounted to some thirty-nine dollars. The defendants demurred, for want of jutisdiction.

Judgment for the defendants, and Appeal by the plaintiff.

*T. J. Wilson,* for the appellant.
*No counsel, contra.*

PEARSON, C. J.   The Constitution confers on Justices of
the Peace exclusive original jurisdiction "of all civil actions
founded on contracts wherein the sum demanded shall not
exceed two hundred dollars": Art. IV, sec. 33. The question
is, If the principal sum due on a note does not exceed two
hundred dollars, but the *value of the note* exceeds that
amount by reason of accumulated interest, has a Justice of
the Peace jurisdiction?   That depends upon the meaning of
the words, "the sum demanded."

On one side it is said that "the sum demanded" is the
value of the note, and the interest makes a part of the value :
*Birch* v. *Howell,* 8 Ire. 468.   On the other it is said that
"the sum demanded" is the principal of the note : interest
follows as a mere legal incident, involving only a simple cal-
culation, and is no part of the note.   If the principal be paid,
the party can have no action for the interest :   *Moore* v.
*Fuller,* 2 Jon. 205.

We are inclined to adopt the latter view as the true one,
on several considerations :

1. The meaning of *the value of a note,* was fixed by the de-
cisions of the Supreme Court, and if it was intended to ex-
press the same idea, the same words would have been used.
The use of other words tends to an inference that the idea
was not the same.

2. Under the old system the jurisdiction of a Justice of
the Peace in regard to bonds, notes and signed accounts,
was limited to one hundred dollars, "exclusive of interest."
In adopting the new system, an increase of jurisdiction was
made necessary by the abolition of the County Courts, and
it is raised to two hundred dollars—as much as to say, let it
be doubled; and of course, "exclusive of interest," which is

a thing that is always growing; and it is not proper that the jurisdiction of a tribunal now become important, should be fluctuating, so that it may exist to-day, and be gone to-morrow.

3. Interest depends upon a simple calculation. If a Justice of the Peace be competent to count interest on a note of one hundred and seventy-five dollars, he is as fully competent to count it on a note of two hundred dollars: so the amount of the sum on which it is counted, is not an element that could at all influence the conclusion in respect to jurisdiction.

But suppose the matter to be doubtful: the General Assembly has put a construction upon this section which the Court does not fell at liberty to depart from, unless it be clearly wrong. Statutes are presumed to be constitutional until the contrary is made to appear. By section 498, C. C. P., amended by Acts 1868–'69, ch. 109, sec. 2, a Justice of the Peace has "exclusive original jurisdiction of all civil actions founded on contract, except when the sum demanded 'exclusive of *interest*' exceeds two hundred dollars." This settles the question, and we would be relieved from any further observation, but for the fact that section 499, C. C. P., amended by Acts 1868–'69, ch. 109, sec. 3, provides: "When it appears in any action brought before a Justice of the Peace, that the sum demanded exceeds two hundred dollars, the Justice shall dismiss, &c., unless the plaintiff remits all of the interest, and so much of the *principal* as is in excess of two hundred dollars." This has no bearing on our case, for here the principal does not exceed two hundred dollars, and the only way to avoid confusion, is to confine the one section to actions where the principal does not exceed that amount, and the other to actions for unliquidated damages, and actions on bonds, notes and signed accounts where the principal is in excess of two hundred dollars, and the party is allowed to

bring his case within the jurisdiction of the Justice by remitting all of the interest and the excess of the principal.

PER CURIAM. Judgment affirmed.