## N. O., J. & G. N. R. R. Co. *v.* William Evans.

1. Practice—Motion to Dismiss—Jurisdiction of Justice of the Peace.—Appeals from a justice's court shall be tried *de novo*. If the action was brought before a magistrate not having jurisdiction, the circuit court shall reverse the judgment if for plaintiff, and shall dismiss the cause. If the defendant be the appellant, and judgment be for the plaintiff in the original suit, 10 per cent. damages shall be included in the judgment, that if judgment be for the defendant he shall recover full costs. *Provided,* That on such appeals, when the amount in controversy shall exceed $20.00 the parties, or either of them, shall be entitled to a trial by jury; and, in all such cases, when the amount in controversy exceeds $50.00, either party shall be entitled to an appeal or writ of error to the supreme court. See Rev. Code, 1871, § 1334.

2. SAME—APPEAL TO THE SUPREME COURT.—If the amount in controversy, giving
·the parties the right to a jury has reference to the debt, demand, or damages in lit-
igation between the parties, and not to the costs or per cent. added to the recovery,
then certainly, the amount in controversy, giving the right to a writ of error must
exclude the costs and per cent. allowed by the statute, upon the recovery, and include
only the subject matter of the dispute, whether debt, claim, demand, damages, or
whatever called.

Error to the circuit court of Hinds county. Hon. GEO. F.
BROWN, Judge.

The facts in the case are sufficiently stated in the opinion
of the court.

It is assigned for error, that the court below erred in
overruling the demurrer to the evidence.

*Harris & George*, for plaintiff in error.

*John D. Freeman*, for defendant in error, filed the following
motion to dismiss:

1. "Motion by defendant in error to dismiss this case be-
cause this court has no jurisdiction of the same.

2. Because this case was adjudicated before a justice of
the peace, when defendant in error obtained a judgment for
$50, only. Plaintiff in error, appealed to the circuit court,
where judgment below was affirmed for $50, only; and said
plaintiff in error is not entitled to an appeal or writ of error
to this court, when the amount in controversy does not ex-
ceed the sum of $50. Code, 236, § 1334.

TARBELL, J., delivered the opinion of the court:

Motion to dismiss. Evans sued the company before a
justice of the peace to recover the value of a cow, killed by
the cars of the defendant. The sum demanded by the plead-
ings and by the account filed with the declaration, was $75. It
is stated in the transcript of the magistrate, filed in the circuit
court on appeal, as follows: "William Evans v. N. O. J. &
G. N. R. R. Action of damages. Sum demanded, $50."
Judgment was rendered by the justice of the peace, for
$50, damages, and "costs of suit;" but costs are not taxed,

and the amount of costs are not known. In the circuit court, there was no evidence estimating the damages at a sum exceeding $50. The jury returned a verdict for the plaintiff in action, assessing his damages at $50. There was a motion for a new trial, which was overruled. The record fails to give the judgment of the circuit court. The petition for writ of error, and the writ of error bond, represents the judgment in the circuit court to have been for $50, and "cost of suit." A writ of error having been prosecuted, a motion is now made to dismiss, on the ground that under the Code, § 1334, a writ of error does not lie.

The section of the Code referred to, provides that, "appeals from courts of justices of the peace to the circuit court, shall be tried anew; that, if the action was brought before a magistrate not having jurisdiction, the circuit court shall reverse the judgment, if for the plaintiff, and shall dismiss the cause; that if the defendant be the appellant, and judgment be for plaintiff in the original suit, 10 per cent. damages shall be included in the judgment; that if judgment be for the defendant, he shall recover full costs; *provided*, that on such appeals, where the amount in controversy shall exceed $20, the parties, or either of them, shall be entitled to a trial by jury; and in all such cases, where the amount in controversy exceeds the sum of $50, either party shall be entitled to an appeal or writ of error to the supreme court."

The question for determination is, what is " the amount in controversy ?"

It will be observed that this language is twice used in the section of the Code just quoted from, and doubtless, has the same meaning in both instances. In the first, the parties are entitled to a jury trial, if " the amount in controversy" shall exceed $20, and in the second, to a writ of error if the amount exceeds $50.

A very thorough search has failed to produce the exact parallel of the case at bar, though aids have been discovered.

On an appeal from the judgment of a magistrate, the proceedings before him are *lis pendens* merely. 1 Min. 181 ; 4 Denio, 377, note.

The appeal suspends the judgment and the trial is *de novo*, as though no judgment had been rendered. 2 Cranch, 39. See also, 3 Cranch, 212; and 5 ib., 38.

In Penn. the right of appeal from judgment of a magistrate is limited to a fixed sum, and the courts of that State make a distinction between " the amount in controversy " and the amount of the judgment. 2 Watts; 304; 3 Penn., 159; 18 Penn. St., 78; 4 S. & R., 72 ; 12 ib., 385.

Under the practice in Penn., an appeal can be taken from a justice of the peace, though the judgment be less than the nominal sum fixed by statute for appeals; provided, "the amount in controversy " exceeds that sum, and the court will look into the record on the evidence to ascertain "the amount in controversy." Cases cited above.

In N. Y. a justice of the peace can hear and determine a cause, wherein the aggregate of the claims of the plaintiff and the set-off of the defendant, does not exceed the sum of $400. Whenever such aggregate exceeds that sum, by the evidence submitted, it becomes the duty of the justice to dismiss the case, at any stage of the trial. The appellate courts will look into the evidence on appeal or *certiorari*, to see whether the action of the justice is in accordance with the evidence. Cow. T., 1104.

A case may be readily conceived, wherein, by the declaration, the amount in controversy, is, in law and fact, $100; yet, by the action of the court and jury, there might be a judgment for $10.

Again, by the pleadings, the amount in controversy may be, *prima facie*, $75; yet, the evidence on the trial may show, absolutely, that the amount in controversy is just $20, and no more.

A fraud upon the statute may, of course, be committed with impunity, by a plaintiff, by stating his claim at $50.00 or less. So he may do the same thing if the amount in con-

troversy is to be ascertained, in all cases, by the pleadings, by stating his claim at some amount exceeding $50.00.

Possibly these suggestions indicate the necessity of further legislation on the proposition under review, as to which no opinion is intended to be expressed, nor is it the design to state any rule of practice under the section of the Code beyond the case at bar.

The question is one of great practical importance, and the statutes and adjudications of other States would be gladly examined and compared with our own if at hand.

From what appears to be the evident intention of the legislature, a consideration of the whole of the section of the Code referred to, the best reason we can bring to bear, and by the aid of such lights as are at command, the conclusion is reached that the motion ought to be sustained.

It is evident that the legislature intended to limit litigation. If the amount in controversy, giving the parties the right to a jury, has reference to the debt, demand or damages in litigation between the parties, and not to the the costs or per cent. added to the recovery, then certainly the amount in controversy, giving the right to a writ of error, must exclude the costs and per cent. allowed by the statute, upon the recovery, and includes only the original subject-matter of the dispute, whether debt, claim, demand, damages, or whatever called. Entertaining this view, the motion will be sustained, as the amount in controversy does not exceed $50.00.

Motion sustained.