## J. Q. JACKSON, use, etc., VS. HATCH WHITFIELD.

*Civil jurisdiction of a justice of the peace under the constitution and code of* 1871.
   The constitution limits the jurisdiction of justices of the peace in civil
      matters to all " causes in which the amount in controversy does not ex-
      ceed the sum of $150." In computing the "amount in controversy,"
      costs and damages are to be excluded. Except as created by statute, in-
      terest does not exist, though in cases not provided for it may be allowed
      in the way of damages. It, too, should be excluded in determining the
      amount in controversy.

ERROR to the Circuit Court of *Monroe* County.

Hon. B. B. BOONE, Judge.

This was an action brought by plaintiff in error against defend-
ant in error in the justice's court, on a receipt given for a note for
$48.20. Plaintiff recovered a judgment for $49.30 and costs.
Defendant in error appealed to the circuit court of Monroe county
and there recovered a judgment for his costs, and the case comes
to this court on writ of error. It is assigned for error :

1. " The court below erred in excluding the testimony of J. Q.
Jackson."

2. " The court erred in overruling the motion for a new trial."

A motion was made to dismiss, as follows :  " Defendant moves
to dismiss the appeal in this cause, because it is an appeal prose-
cuted from a justice of the peace, and because the sum in contro-
versy is less than the sum of $50."

*Houston & Reynolds*, for defendant in error :

On motion to dismiss for want of jurisdiction.

1. There is no act of the legislature amending the provisions of
sec. 1334 of Code.

2. The case of N. O., J. & G. N. R. R. Co. *v.* Evans, 49 Miss., 785,
is conclusive of the question. This decision, as to the construc-
tion to be placed on the " amount in controversy," is sustained by
following authorities :  Pearce *v.* Pope, 42 Ala., 319; U. S. Dig.
(N. S.), 444, sec. 11. Hedgecock *v.* Davis, 64 N. C., 650.

3. The amount sued for, principal and interest, was less than
$50 when the suit was brought.

[The reporters find no brief on file by plaintiff in error on the motion to dismiss.]

TARBELL, J., delivered the opinion of the court.

Motion to dismiss for want of jurisdiction. This cause originated before a justice of the peace. The suit was upon a note, or receipt for a note, for $48.20, due December 1, 1867. Judgment in the lower court for plaintiff, May 16, 1868, "for $49.30 and costs." Appeal to the circuit court May 19, 1868. Judgment for the defendant in the circuit court February 25, 1874. Writ of error July 2, 1874. It is now moved to dismiss the writ of error, on the ground that the "amount in controversy" is less than $50, and, therefore, that according to § 1334 of the code, a writ of error is unauthorized.

The question is, What is "the amount in controversy" in the case at bar? Is it the amount of the judgment in the lower court, including the costs? Is it the principal sum for which the note was given, with the accumulated interest? If the latter, to what date shall the interest be calculated? By what rule shall the date be fixed to which the interest in such a case shall be calculated? Or, is it the principal of the note, exclusive of interest?

N. O., J. & G. N. R. R. Co. v. Evans, 49 Miss., 785, was an action of tort. On a motion to dismiss the writ of error in that case, this court, after looking into the record, determined the amount in controversy to be the conceded and undisputed value of the property sued for, excluding costs and damages.

In the solution of that case a somewhat thorough search failed to discover precedents of a satisfactory and conclusive character. Reference, however, is now made to Hedgecock v. Davis, 64 N. C., 650, which may be quoted at length. PEARSON, C. J., said: "The constitution confers on justices of the peace exclusive original jurisdiction 'of all civil actions founded on contracts wherein the sum demanded shall not exceed two hundred dollars.' Art. 6, sec. 23. The question is, If the principal sum due on a note does not exceed two hundred dollars, but the value of the note

exceeds that amount by reason of accumulated interest, has a justice of the peace jurisdiction? That depends upon the meaning of the words, 'the sum demanded.' On one side it is said that 'the sum demanded' is the value of the note, and the interest makes a part of the value. Birch v. Howell, 8 Ired., 468. On the other it is said that 'the sum demanded' is the principal of the note; interest follows as a mere legal incident, involving only a simple calculation, and is no part of the note. If the principal be paid, the party can have no action for the interest." Moore v. Fuller, 2 Jones, 205.

"We are inclined to adopt the latter view as the true one, on several considerations:

"1. The meaning of the value of a note was fixed by the decisions of the supreme court, and if it was intended to express the same idea, the same words would have been used. The use of other words tends to an inference that the idea was not the same.

"2. Under the old system the jurisdiction of a justice of the peace in regard to bonds, notes and signed accounts, was limited to one hundred dollars, exclusive of interest. In adopting the new system, an increase of jurisdiction was made necessary by the abolition of the county courts, and it is raised to two hundred dollars — as much as to say, let it be doubled — and of course, 'exclusive of interest,' which is a thing that is always growing; and it is not proper that the jurisdiction of a tribunal now become important, should be fluctuating, so that it may exist to-day, and be gone to-morrow.

"3. Interest depends upon a simple calculation. * * * So the amount of the sum on which it is computed is not an element that could at all influence the conclusion in respect to jurisdiction."

It was shown in N. O., J. & G. N. R. R. Co. v. Evans, supra, that the courts of Pennsylvania make a distinction between "the amount in controversy," and the amount of the judgment from which an appeal or writ of error is prayed.

The term, "sum demanded," employed in North Carolina, is

of similar import to "the amount in controversy," as used in Mississippi. In that state a justice of the peace has jurisdiction of a suit on a note, the principal of which does not exceed two hundred dollars, though its value, by accumulated interest, may exceed that sum. It would seem to follow, in reason, that in determining the meaning of the term, "amount in controversy," as found in our code, costs and damages awarded by statute, ought to be excluded. As to interest, if, under any circumstances, it can constitute a part of the "amount in controversy," in the contemplation of the code, then some period in the progress of the litigation in which the question arises ought to be fixed, beyond which its accumulation cannot be allowed to affect this matter of jurisdiction. Except as created by statute, interest does not exist, though in cases not provided for it may be allowed in the way of damages. Eastin v. Vandorn, W., 214; Wiltburger v. Randolph, id., 20; Hamer v. Kirkwood, 25 Miss., 95; Howcott v. Collins, 23 id., 398; Houston v. Crutcher, 31 id., 51; Work v. Glaskins, 33 id., 539. And "if the principal be paid, the party can have no action for the interest." Hedgecock v. Davis, *supra*. Turning to the constitution, art. VI, sec. 23, this language is found: "The jurisdiction of justices of the peace shall be limited to causes in which the principal of the amount in controversy shall not exceed the sum of one hundred and fifty dollars."

Thus the fundamental law of the state declares that the "principal of the amount in controversy" shall determine the jurisdiction of justices of the peace, and in substance and effect, that such jurisdiction shall be exclusive of the interest on the "principal of the amount in controversy." As said by C. J. PEARSON, in the case just cited, interest is "a mere legal incident" to the principal sum.

If the interest, costs and special damages allowed by statute upon the recovery in certain cases are taken to constitute a part of the amount in controversy, it will be here that the jurisdiction under consideration would be wholly uncertain, and depend-

ent upon mere incidents to the real subject matter of the litigation. So that, as "interest is a thing that is always growing," and costs are steadily increasing in the progress of a cause, if this jurisdiction does not exist to-day, it may to-morrow. Using the language employed by the eminent jurist just quoted, with reference to the jurisdiction of courts of justices of the peace in his state, "it is not proper" that a jurisdiction, "now become important, should be fluctuating."

Upon mature deliberation, it is believed that the proper construction of the statute in question is indicated by the provision of the constitution defining the jurisdiction of justices of the peace, whereby "the principal of the amount in controversy" is the test.

Accordingly, it is held, that "the amount in controversy" in the case at bar is the principal of the note set out in the pleadings.

This, in connection with the decision in N. O., J. & G. N. R. R. Co. v. Evans, *supra*, may be considered as settling, definitely, the construction, so far as this court is concerned, of the provision of the code under consideration.

Motion to dismiss sustained.