CATHARINE JOSUEZ, Appellant, v. WILLIAM C. CONNER as late Sheriff, etc., Respondent.

*It seems,* that under the provision of the Code of Civil Procedure (New Code, § 194, sub. 3), in regard to appeals to this court, in determining whether plaintiff's demand amounts to $500, so as to authorize an appeal by him, the amount of that demand at the time of the commencement of the action must govern; interest subsequently accruing cannot be considered, although the case is one where allowance of interest to the time of the trial is the ordinary incident of a recovery.

Plaintiff commenced her action February 17, 1877, against defendant, a sheriff, for an alleged false return, she asked judgment for $414.30, with interest from January 15, 1875. Judgment dismissing the complaint was entered October 25, 1877, and appeal to the General Term taken December 3, 1877; adding interest on the amount claimed up to this time it would not amount to $500. *Held,* that in the absence of an order of the General Term allowing an appeal, its judgment affirming the judgment below was not appealable.

(Argued September 26, 1878; decided November 12, 1878.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Edward P. Wilder*, for appellant.

*H. W. Bookstaver*, for respondent.

Andrews, J. This appeal must be dismissed for want of jurisdiction, as the matter in controversy is less than $500, within section 191, sub. 3 of the Code.

The appeal is by the plaintiff from a judgment of the General Term of the New York Common Pleas, affirming a judgment of the trial court, dismissing the plaintiff's complaint, in an action against the defendant, the sheriff of the city and county of New York for an alleged false return made by him as such officer, to an execution issued upon a judgment in favor of the plaintiff. The action was commenced February 19, 1877. The judgment of dismissal was entered October 25, 1877, and the appeal to the General Term was taken December 3, 1877. The plaintiff in her complaint demands judgment against the defendant for $414.30, with interest from January 15, 1875, besides costs. If interest is computed on the principal sum, for which judgment was demanded, from the time specified in the complaint, to the commencement of the action, the whole amount of principal and interest would be less than $500, nor would it amount to that sum, if interest were computed to the time of the trial, or even to the time of the appeal to the General Term.

No order of the General Term, allowing an appeal to this court in this case has been made, and the case is subject to the restriction of section 191, if the amount in controversy excluding costs is less than $500. In determining this question the statute furnishes the rule of decision. It declares that the sum for which the complaint demands judgment, shall be " deemed to be the amount of the matter in controversy." This sum in this case is less than $500, whether reference is made to the time of the commencement of the action, the trial, or the first appeal. But we think the time of the commencement of the action is that which is to govern, and that interest subsequently accruing cannot be taken into account, in

Opinion of the Court, per ANDREWS, J.

determining whether the plaintiff's demand amounts to $500, although the case is one where allowance of interest to the time of the trial is the ordinary incident of a recovery.

When the action is for the recovery of chattels and the appeal is by the plaintiff, the value of the chattels as stated in the complaint is by section 191, made the test of appealability, although, interest by way of damages for the detention is usually allowed, if the plaintiff succeeds in the action.

We have held under the statute of 1874, where the right of appeal depended upon the amount of the judgment, that interest accrued after its rendition, could not be added to make the requisite amount. (*Produce Bank* v. *Morton*, 67 N. Y., 199.)

The rule that the amount claimed in the complaint, and due according to the plaintiff's claim at the commencement of the action, should govern in determining his right of appeal, is clear and definite, and in harmony with the general principle upon which the statute is founded, that litigations in small causes should terminate with the appeal to the General Term.

The appeal must therefore be dismissed.

All concur, except MILLER and EARL, JJ., absent at argument.

Appeal dismissed.