The Chief Justice
delivered the opinion of the court.
This was a bill in equity filed by appellee for the purpose of enjoining defendants, appellants, from executing a judgment against one Pardee, by levying upon land formerly owned by Pardee and now bwned by appellee.
The judgment was rendered in the County Court of Alachua county, while that court’ had jurisdiction in “civil cases where the amount in controversy does not exceed $300.-” The language quoted is from section 11, article VI., of the Constitution of 1868.
The judgment was rendered by the County Court for $334 damages and $10.04 costs. The declaration in the case was upon a note for $300, dated April 8, 1868, payable December 15, 1868, with interest at eight per cent., upon which no payments or credits were made, and the amount claimed was $300 and interest. Declaration filed in July, 1869, and judgment was entered in September.
It was decreed by the Circuit Court that the execution be enjoined as against the property of the complainant upon the ground that the County Court had no jurisdiction of the cause of action, and that the judgment was null and void. The language of the Constitution was that “the County Court shall have jurisdiction, of all misdemeanors and all civil cases where the amount in controversy does not exceed three hundred dollars/'
It is claimed by appellants that because the note or contract sued on was for $300, exclusive of interest, the amount in controversy was only $300. The- rule controlling the jurisdiction of the County Court was, that if by the terms of the contract sued on the amount actually due was in excess of $300, the court had no jurisdiction of the cause of áetion. Here the sum due by the express terms of the note was over $300 at the time suit. was commenced. The declaration shows this, and claims the amount due for principal and interest. This was alleged to be the amount unpaid and payable, and is, therefore, the amount involved in controversy.
Appellants cite several cases as authority for the position that the principal of a note, exclusive of the interest, determines the “amount in controversy,” and we examine them seriatirn. Hedgecock vs. Davis, 64 N. C., 650, was a suit .upon a note of $200 before a justice of the peace, who had jurisdiction of “actions founded on contracts wherein the sum demanded shall not exceed $200,” according to the State Constitution. The court held that the value of the note was not the criterion, but the sum mem-tioned in the contract; interest being a mere legal incident, and was no part of the note. (We conclude that the note did not in terms bear interest, but was only a promise to pay the principal.)
*225 A statute of North Carolina also expressly excluded interest upon contracts in determining the jurisdiction, aúd authorized the remission of any sum over $300 so as to save the jurisdiction. This legislative action is sustained by that court as a legislative determination of the proper construction of the Constitution.
In Fisher vs. Hall, 1 Ark., 275, it was held that the Circuit Court had not jurisdiction of an action of convenant upon a bond for $100, notwithstanding interest had accrued, the jurisdiction given being confined to case in which “the sum in controversy is over $100.” This is put upon the ground that “it is the amount or character of the contract, and not interest, that enters into the controversy.” This is, in our view, a more consistent theory than that adopted ,in the North Carolina case. The case does not 'show that interest was expressly contracted for by the bond in suit.
In the Texas case, Clark vs. Brown, 48 Texas, 212, the question in issue here is not involved. The Constitution of Texas gave jurisdiction to justices of the peace where the “amount in controversy, exclusive of interest,” was $300 or less, and the only question was whether more than $300 was due of the principal.
In Jackson vs. Whitfield, 51 Miss., 202, it was held that the principal sum was the guide in determining the jurisdiction of justices courts in a case where interest was not a part of the .contract, and attached only as damages by operation of law; and the constitutional provision is cited that “the 'principal of the amount in controversy” shall determine the jurisdiction, and the decision was put upon this ground.
The court in 48 Iowa, 653, held expressly that where the action involved an amount beyond the jurisdiction of a justice of the peace, he was ousted of jurisdiction and could not give judgment for a sum within it.
In Pennsylvania (Peter vs. Schlosser, 81 Pa. St., 439,) a justice of the peace has jurisdiction “in cases where the sum demanded is not above $100.” The court holds that where the items of the plaintiff's claim amounted to $137, and it was reduced by payments to less than $100, the justice of the peace had jurisdiction; but it was not obtained by giving credits for an independent account as an offset. The application of this case to the one at bar is not obvious. The foregoing are all the cases cited by appellants. None of the cases cited by them seem to be in point except the Arkansas decision; and in that it does not appear that the obligation sued upon bore interest, except by operation of law in the nature of damages, which was not embraced in the terms of the bond. In a later action before a justice of the peace in Arkansas, upon a bond for the payment of ninety-five dollars and interest, and at the time suit was brought the amount due was over $100, it was held, under an act conferring jurisdiction in cases where the amount claimed did not exceed that sum, that the justice did not have jurisdiction, and a judgment in such case was void and furnished no protection to the party or officer executing it. The court sayS that the covenant sued on as well as the judgment conclusively show that the amount claimed did exceed $100. (Howell vs Milligan, 13 Ark., 40.) And in Hempstead vs. Collins, 6 Ark., 533, it was held that where the entire account of the plaintiff was $260, and credits were given so that the balance due was about sixty dollars, this balance was “the amount in controversy,” thus showing that the amount actually due was deemed by the court- the amount in controversy, instead of the amount of the plaintiff's entire account.
In Illinois it was held that an action might be maintained before a justice of the peace upon a note for $100, if no interest was claimed. (2 Illinois, 594; 7 Illinois,, 389.) In 45 Penn. St., 235, the same ruling was made, the court holding that the interest might be waived, where interest would swell the amount to over $100. In South Carolina where a justice gave judgment for an amount exceeding $20, the excess being interest, it was set aside as unconstitutional. (2 Brev., 41; lb., 399.) In Simpson vs. McMillon, 1 Nott & McCord, 192, the court held that the interest was as much a part of the contract as the principal of a note, whether by express stipulation or by the effect of the contract, and that the demand including interest exceeding the limit of jurisdiction, the justice could not render judgment. The Court for the Correction of Errors in New York, (Fake vs. Eddy, 15 Wend.,) held that where interest was stipulated in a bond, it was as much a part of the obligation and demand as the principal.
After searching all the authorities at hand we find no case in which, where the jurisdiction is limited to a certain “amount in controversy,” such amount is determined by the amount of principal of a note or'bond in terms bearing interest, unless such determination is founded upon express provisions of a constitution or statute. On the contrary, the general rule is determined to be that the amount actually due and for which judgment is demanded is the proper test in determining the limit oC jurisdiction.
In this case the declaration, the evidence and the judgment of the County Court prove that the amount in controversy was over three hundred dollars, and the only conclusion is that the court had no jurisdiction, and its judgment was void.
The decree is affirmed.