(18 Misc. Rep. 195.)

### BLUMENTHAL v. LLOYD.

(Supreme Court, Appellate Term, First Department. October 29, 1896.)

REMOVAL OF CASE FROM DISTRICT TO COMMON PLEAS—DAMAGES CLAIMED.
Interest to the time of verification demanded in a complaint on a check payment of which was stopped is part of the "damages claimed," within Code Civ. Proc. § 3216, providing for removal of actions from the district court of New York City to the common pleas.

Appeal from district court.

Action by Maurice B. Blumenthal against Edward Lloyd on a. check given by defendant to plaintiff, payment on which was stopped. There was a judgment in favor of plaintiff for $100, and defendant. appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Benno Loewy, for appellant.

Maurice B. Blumenthal, for respondent.

DALY, P. J. The sole question presented upon this appeal is whether the defendant was entitled to an order removing the case to the city court upon his application for such removal, made on the ground that the amount claimed in the complaint exceeds $100. It would appear from the record, and the statement made upon the argument of the appeal, that the proceedings of the appellant to secure the removal, if he were entitled to it, were regular. He appears to have had an unsigned undertaking, to which, however, a certificate of acknowledgment was appended, together with affidavits of sufficiency of sureties, and which contained a blank space for the amount to be fixed by the justice. It is claimed that this was an irregular instrument, but no question on that point can arise, since the justice refused to fix any amount; and, until he did so, the tender of an undertaking was unnecessary. The real point in controversy is whether a demand, in a complaint, verified on June 18, 1896, for $100, with interest thereon from June 13, 1896, makes this a case where "the damages claimed" exceed $100, and where a removal can be had under section 3216 of the Code of Civil Procedure; in other words, is interest demanded in the complaint a part of the damages claimed? This question has not, so far as we have been able to learn, been decided in this state, nor does a reference to the Code furnish any satisfactory solution of the question. In section 316, fixing the jurisdiction of the city court, it is provided: "In an action wherein the complaint demands judgment for a sum of money only, the sum, for which judgment is rendered in favor of the plaintiff, cannot exceed two thousand dollars, exclusive of interest." If principal and interest were not regarded as parts of the sum claimed, the limitation "exclusive of interest" would be superfluous. Too much weight, however, cannot safely be given to the language of a statute which is so extended, and which is so incessantly changed by amendments. Generally speaking, interest is an element of a debt or claim. People v. New York Co., 5 Cow. 331; Dana v. Fiedler, 12 N. Y. 40–50; In re Fay, 6 Misc. Rep. 462, 27 N. Y. Supp. 910. Under the former provision of the Code (section 191, subd. 3), forbidding appeals to the court of appeals in cases where the matter in controversy, excluding costs, is less than $500, interest was counted. Josuez v. Conner, 75 N. Y. 156; Bank v. Morton, 67 N. Y. 199; Graville v. Railroad Co., 104 N. Y. 674, 10 N. E. 539. In other states there are authorities more in point. In Plunkett v. Evans (S. D.) 50 N. W. 961, 962, in a well-considered opinion, the court held, under a statute which provided that the justice "shall not have jurisdiction where the debt or sum claimed exceeds one hundred dollars," and in a case where plaintiff demanded judgment for $86.50, with interest, amounting in all to $114, that interest constituted a part of the sum claimed, and that the justice was without jurisdiction; and Ball v. Biggam (Kan. Sup.) 23 Pac. 565, upon a similarly worded statute, is to the same effect. State v. Superior Court, 9 Wash. 369, 37 Pac. 489; Magarahan v. Wright (Ga.) 10 S. E. 584; Strattan v. Society, 6 Rand. (Va.) 22; and Skillman v.

Lachman, 23 Cal. 199,—are also cases which hold that interest should be included.    The cases of Jackson v. Whitfield, 51 Miss. 202, and Hedgecock v. Davis, 64 N. C. 650,—authorities relied upon by respondent,—are distinguishable.    In the former, the language to be construed was, "principal of the amount in controversy"; and in the latter, as pointed out in Plunkett v. Evans, supra, the court made much of the fact that the former statutes had fixed the limit at $100, exclusive of interest, and that in making it $200 the legislature, in effect, said, "Let it be double, exclusive of interest."

There seems to be no good reason for a distinction between the case of a plaintiff whose original claim of $100 has been increased by accrued interest, and the case of a plaintiff whose claim at the start was in excess of that sum; or why the statute should be construed as refusing the privilege of removal in one case, and granting it in the other.    I see no force in the argument of the appellant that a check is not an instrument that draws interest from its date, but only from the time of default in payment, and therefore that interest was interest upon the damage, and not upon the debt.    That makes no difference in the actual amount claimed in the complaint, since the plaintiff, if entitled to recover, was entitled to the interest as well as the principal.    Nor is there much force in the objection that the court is not bound to take notice of a fact which requires it to make a computation.    The case cited to sustain this proposition—Scott v. Lunt's Adm'r, 6 Pet. 349—falls far short of so holding.    There it was said:

"The court cannot judicially take notice that by a computation it may possibly be made out as a matter of inference from the declaration that the plaintiff's claim in reality must be less than one thousand dollars; much less can it take such notice in a case where the plaintiff might be allowed interest on his claim by a jury, so as to swell his claim beyond one thousand dollars."

That is not this case.    Here there was no room for inference or doubt.    Interest follows as a matter of right (2 Daniel, Neg. Inst. § 1458), and is a matter of certainty, for, as the check was for $100, any interest, however slight, would increase the claim beyond that amount, and bring the case within the language and meaning of the statute.    It follows, therefore, that the justice should have complied with the motion of the defendant for the removal of the case, and should have fixed the amount of the undertaking which he was to execute for that purpose.

The judgment will be reversed, with costs, and the cause remitted to the district court to make the order for removal upon presentation of the proper bond in an amount to be fixed by the justice.    All concur.