## INTERSTATE BUILDING & LOAN ASS'N v. EDGEFIELD HOTEL CO.

(Circuit Court, D. South Carolina. June 22, 1901.)

JURISDICTION OF FEDERAL COURT—AMOUNT IN CONTROVERSY—HOW DETERMINED.

The amount claimed by a complainant in his bill in good faith determines the amount in controversy for the purpose of federal jurisdiction, and, where such claim exceeds $2,000, exclusive of interest and costs, the court has jurisdiction, notwithstanding there may be a good defense apparent on the face of the bill, which will reduce the amount of the recovery below that sum.[1]

In Equity. On plea going to the jurisdiction of the court.

W. A. Wimbish and Mitchell & Smith, for complainant.
Tompkins & Wells, W. G. Evans, and H. B. Tompkins, for defendant.

SIMONTON, Circuit Judge. This is a bill filed by the Interstate Building & Loan Association against the Edgefield Hotel Company, praying the foreclosure of a mortgage. The defendant has filed both a demurrer and a plea to the whole bill. Both of these go to the jurisdiction of the court,—that the amount in controversy is less than $2,000. Having been required to elect (see Strang v. Railroad Co., 41 C. C. A. 479, 101 Fed. 511), the defendant stands on the plea. The question is this: Does the matter in dispute exceed $2,000, exclusive of interest and costs? The matter in dispute is the amount sought to be recovered by the complainant. When that is disputed, and the arguments for and against it must be heard and weighed and decided by the court, then the court having the right and the duty to hear and determine it has jurisdiction, without regard to the fact that, notwithstanding the claim in the bill, the ultimate recovery cannot equal the jurisdictional limit. The fact that there is a valid defense to the action, apparent on the face of the bill, does not diminish the amount that is claimed, or deprive the court of jurisdiction. Schunk v. Moline Milburn & Stoddart Co., 147 U. S. 505, 13 Sup. Ct. 416, 37 L. Ed. 255. Whenever the court has the admitted power to decide the question, this is an admission that the court, to this extent, has jurisdiction. Railroad Co. v. Adams, 180 U. S. 35, 21 Sup. Ct. 251, 45 L. Ed. 412. What, then, is the matter in dispute? We must inquire what the complainant claims and what the defendant denies. If the complainant claims against the defendant more than $2,000, exclusive of interest and costs, and this be denied by de-

---

[1] Jurisdiction of circuit courts as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75, and Shoe Co. v. Roper, 36 C. C. A. 459.

fendant, and the point must be decided by the court, then the matter in dispute—the amount in controversy—exceeds $2,000, and the court has jurisdiction. "The court cannot judicially take notice that by computation it may possibly be made out, as a matter of inference from the plaintiff's pleading, that the plaintiff's claim in reality is below the jurisdictional amount." Scott v. Lunt's Adm'r, 6 Pet. 349, 8 L. Ed. 423. The supreme court of the United States have determined that it is the claim set up by the plaintiff which fixes the jurisdiction of the court; not a claim evidently fictitious, and alleged simply to create jurisdiction, but a claim made in good faith, upon grounds however fallacious or untenable. Schunk v. Moline Milburn & Stoddart Co., supra. Mr. Justice Blatchford, in Upton v. McLaughlin, 105 U. S. 644, 26 L. Ed. 1197, emphasized this doctrine, and held that, although upon the face of the plaintiff's pleading there appeared a perfect defense to the action, still the court had jurisdiction; that is to say, the right to hear and determine that fact. See Kunkel v. Brown, 39 C. C. A. 665, 99 Fed. 594. The case last quoted concludes:

" 'It is not the amount a plaintiff is able to prove that he is entitled to that determines the amount in dispute for the purposes of jurisdiction, for otherwise the failure of the plaintiff to recover would oust the court of jurisdiction. The amount in dispute, or the matter in controversy, which determines the jurisdiction of the court in suits for the recovery of money only, is the amount demanded by the plaintiff in good faith.' Peeler v. Lathrop, 1 C. C. A. 99, 48 Fed. 786; Wilson v. Daniel, 3 Dall. 405, 1 L. Ed. 655."

What, then, does the plaintiff claim? It avers that it holds the bond of defendant, secured by a mortgage of a certain piece of land in the town of Edgefield, S. C.; that the condition of said bond has been forfeited, and that there is now due thereon for principal, interest, attorney's fees, and premium of insurance, $7,494.57. Such is the claim of complainant. This claim the defendant denies, and by its plea avers that it purchased stock in the complainant corporation, and by virtue of such stock became a borrower therefrom; that the bond in question was given to secure a loan, the repayment of which was provided for in the by-laws of the company complainant; that it observed these by-laws and paid all the dues up to a certain time; that these payments were to be credited a part on the accruing interest, and a part on account of the debt; that the interest has been kept down, and that enough has been paid on account of the debt to reduce it much below $2,000. The complainant, taking issue on the plea, and admitting the facts, denies the legal conclusion defendant draws therefrom. So here we have the controversy. The matter in dispute is whether, under proper construction of the contract, read in the light of the by-laws, the plaintiff can sustain the amount demanded. The amount in controversy, therefore, is that amount, and this exceeds the jurisdictional limit. It may be—no doubt it will be—that an examination will show that the debt due to plaintiff has been very materially reduced, and reduced below $2,000. "But we are not to regard the verdict or judgment as the rule for ascertaining the value of the matter in dispute between the parties. * * * To ascer-

tain, then, the matter in dispute, we must recur to the foundation of the original controversy,—to the matter in dispute when the action was instituted. The descriptive words of the law point emphatically to this criterion, and in common understanding the thing demanded, not the thing found, constitutes the matter in dispute between the parties." The plea to the jurisdiction is overruled. Let the defendant answer.