HIRA A. RING, *Plaintiff in Error*, v. MERCHANTS BROOM COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed December 22, 1914.

JURISDICTION—DEPENDENT ON AMOUNT INVOLVED—ATTORNEYS FEES WHEN PART OF AMOUNT INVOLVED.

Where a promissory note for $400 principal, that expressly promised to pay interest at eight per cent per annum and attorneys fees for collection, was sued upon in the Circuit Court, the declaration specifically claiming such interest and attorneys fees, which, combined with the principal of such note, amounted, according to the verdict of the jury trying the case, to the total sum of $528 exclusive of the court costs taxed in the case: *Held*, That the Circuit Court rightly entertained jurisdiction in such case, the amount involved in the controversy between the parties being over $500, and this in a county where a County Court was established by law, which County Court under the Florida Constitution had exclusive jurisdiction of all suits at law in which the demand

or value of the property involved shall not exceed five hundred dollars: *Held*, further, That attorneys fees being expressly promised in said note and specifically sued for and demanded in the declaration, became as much a part of the amount involved in the suit for the purpose of determining the jurisdiction of the court, as were the principal and interest of said note.

Writ of Error to Circuit Court for Duval County; Geo. Couper Gibbs, Judge.

Judgment affirmed.

*P. H. Odom* and *Hilburn & Merryday,* for Plaintiff in Error;

*Johnson & McIlvaine,* for Defendant in Error.

TAYLOR, J.—The defendant in error as plaintiff below sued the plaintiff in error as defendant below in the Circuit Court of Duval County for the enforcement of the following promissory note:

"400.00                              Oct. 27th, 1911.

Ninety days after date I promise to pay to the order of Merchants Broom Co. or bearer Four Hundred and No/100 Dollars. For value received, payable at Jacksonville, Fla., with interest from date at the rate of 8 per cent per annum with all costs of colection, including ten per cent attorney's fees, and for security of the payment of the aforementioned amount hereby mortgage the following, to-wit:—............................ and each of us, whether maker, security or endorser on this note hereby waives and renounces for himself and family, any and all homestead and exemption rights to which he or they may in any event be entitled under any provision

of the constitution or laws State or Federal as against this note or any renewal thereof.

Witness—hand and seal

Witnesses P. G. Russell. (Signed) Hira A. Ring."

There was judgment final upon the following verdict by a jury:

"We the jury find a verdict in favor of plaintiff and assess damages at $528.00 as follows: Note $400.00, Int. $88.00, Atty. fees $40.00.

(Signed) L. T. Gregory, Foreman."

The final judgment including an additional sum of $21.44 for costs taxed in the case. This judgment the defendant below brings here for review by writ of error.

After verdict rendered the defendant below moved in arrest of judgment as follows: "Now comes the defendant in the above entitled cause and moves the court to arrest and vacate the judgment herein on the following grounds:

1st. The Circuit Court has no jurisdiction in this cause for the reason that the demand or value of the property involved does not exceed Five Hundred Dollars ($500.00).

2nd. The Attorneys fees were not a part of the matter involved before the institution of this suit, and were not fixed and determined until after the verdict was rendered by the jury.

3rd. The Atorneys fees should be considered as a part of the costs in the case, and not as the amount of the demand or value of the property involved in determining the jurisdiction of this court."

This motion was denied, and this ruling is the only assignment of error that is argued or presented here. There was no error here.

The contention of the plaintiff in error is that the County Court established in Duval County under the provisions of Section 18 of Art. V of the Florida Constitution, had exclusive jurisdiction of the cause because the demand or value of the property involved did not exceed $500. The note sued on expressly promises to pay interest and Atorneys fees in case of its enforced collection. The plaintiffs declaration specifically sues for and claims both interest and Attorneys fees so promised to be paid. Without this express agreement to pay attorneys fees in the case none could either be sued for, claimed or recovered, either as costs or otheriwes, so that the recovery of Attorneys fees was a part of the specific demand sued for in the declaration and based solely on the express promise contained in the note sued on, it became as much a part of the demand sued for as either the principal or interest recovered under the defendant's promise made in the note sued on. Had the same judgment been rendered in the County Court for $528.00 besides the court costs assessed in the case, it would have been void as being in excess of its jurisdiction, as was held in the case of Wilson v. Sparkman, 17 Fla. 871, 35 Am. Rep. 110.

The judgment of the court below is hereby affirmed, at the cost of the plaintiff in error.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.