JOHN W. BARBER, JR., doing business as FRUIT CARRIERS COMPANY, v. M. B. SMITH, Judge Circuit Court, Ninth Judicial Circuit, Orange County.

190 So. 438
Opinion Filed July 7, 1939

*H. F. Mohr*, for Petitioner.

*M. B. Smith, in Proper Person.*

*W. R. Smith* as *Amicus Curiae.*

WHITFIELD, J.—A Rule was issued by this Court to show cause why a Writ of Prohibition should not be issued to prohibit the Circuit Judge from further exercising jurisdiction in a cause on the ground that the amount involved is not within the jurisdiction of the Circuit Court.

The action is at law by D. A. Layton, the assignee of an account dated April 18, 1936, for $417.54 and the payee in a note dated October 17, 1935, for $200.00 and interest, less payments credited on the note, the action being upon both the account and the note.

A praecipe filed in the Circuit Court March 11, 1939, requested a summons to be issued to be returnable to the April Rule Day, 1939, "Damages $750.00." The summons is "to answer D. A. Layton in an action of Damages $750.00." An affidavit in garnishment filed the same day stated "that affiant believes that he the Plaintiff in the above styled cause will recover the sum of $750.00." The garnishment bond is in the penal sum of $1500.00. The writ of garnishment states that affiant made oath "that he believes will recover judgment in said suit in the sum of Seven hundred fifty Dollars."

The declaration, filed March 11, 1939, is in two counts. The first is on an account "for the sum of four hundred, seventeen dollars and fifty-four ($417.54), * * * That the said stated sum is for:" 1. Money payable, etc. 2. Work done, etc. 3. Money lent, etc. 4. Money paid, etc. 5. Money received, etc. 6. Account stated, etc. "7. For interest upon divers sums of money foreborne by the Plaintiff to the Defendant at his request for divers spaces of time before then elapsed. Plaintiff claims damages in the

sum of $750.00." The second count is on a note for $200.00, less small payments credited on the note. On this count' also "Plaintiff claims damages in the sum of $750.00." The bill of particulars shows balance on an account due April 18, 1936, of $417.54 and a note dated October 17, 1935, for $200.00 with credits of small payments.

On a motion stating on various grounds in effect that the affidavit in garnishment is defective and does not allege any amount due by defendant to plaintiff, the court made the following order:

"This cause came on to be heard this day upon defendants' Motion to dissolve Garnishment and to quash Writ and the Court having heard argument of counsel for respective parties, it is

"Ordered, that said Motion to Dissolve and Quash be, and the same is hereby denied.

"The Court does not construe this ruling and no ruling is made at this time upon whether or not the claim or claims sued upon come within the jurisdiction of this Court."

A motion of plaintiff for leave to amend the declaration sworn to contains the following:

"He shows that it was his intention, and that he did attempt in and by his declaration filed herein to claim interest on the said account; that he is ready and anxious to amend his declaration in order to show the relationship of the account to the note, and also to formally claim the interest that has accrued on the said account.

"Wherefore, he moves that he be permitted to amend his declaration herein, and in and by his said amendment to claim interest on his said account, and also to show that the account assigned to him by the Standard Oil Company was incurred under and by virtue of the same transaction and circumstances that the said note was executed, and that the execution of the note and the incurring of the said ac-

count and the purchasing of the same by the plaintiff were all a part of one and the same related transaction."

The Court made the following order:

"Motion to dissolve garnishment and to quash Writ was filed on March 13th, 1939, duly argued and said Motion denied. Thereafter, on the 17th day of March, 1939, defendant gave notice that he would 'Present and file and dispose of at that time as far as possible and set a time for trial of the defendant's Traverse and Plea in Abatement'; and on March 18th, 1939, plaintiff, without leave of Court, filed 'Amended Declaration.' On March 20th, 1939, pursuant to above notice, defendant's Traverse, Affidavit and Plea to Jurisdiction was filed before the Court and argued; on said date counsel for plaintiff orally moved for leave to amend and, further time being granted, presented to the Court his written motion for leave to amend, on March 25th, 1939.

"In this state of the pleading the Court is of the opinion that the Motion for Leave to Amend should be granted and that pleadings should thereafter proceed in regular course and according to law. It is therefore,

"ORDERED AND ADJUDGED, That said Motion to Amend be, and the same is hereby granted, and the Amended Declaration filed herein on the 18th day of March, 1939, is allowed. IT IS FURTHER ORDERED that defendant plead to said Declaration, as it may be advised, on or before ten days from the date hereof."

In response to the Rule in Prohibition issued herein, the Circuit Judge made the following:

## "RETURN

"The Respondent, M. B. Smith, shows that the Order entered herein by him permitting the Plaintiff to file an

amended declaration is a proper Order and was in the jurisdiction of the Circuit Court.

"That the amount of Plaintiff's demand, as shown by the original declaration, Plaintiff's motion for leave to amend, and the amended declaration, is in excess of Five hundred ($500.00) Dollars, as to so much of the demand as is based on an account.

"That under the amendment statutes in force in Florida, it was the duty of the Court to permit the Plaintiff to so amend his declaration, as to properly present his cause to the Court.

"WHEREFORE, he prays that the Writ of Prohibition, issued against him herein be dismissed."

Petitioner moves that a Writ of Prohibition be issued as prayed.

The Constitution provides:

"The Circuit Court shall have exclusive original jurisdiction * * * in all cases at law, not cognizable by inferior courts, * * *" Sec. 11, Art. V.

The County Courts "shall have jurisdiction of all cases at law in which the demand or value of the property involved shall not exceed five hundred dollars; * * *" Sec. 18, Art.V.

There is a County Court in Orange County where the action was instituted.

The statute provides:

"Upon application of any party desiring amendment, the courts of this State shall at all times amend all defects and errors in any pleading or proceeding in civil causes, whether there is anything to amend by or not, and whether the defect or error be that of the party applying to amend or not; and all such amendments shall be made with or without costs, and upon such terms as the court may deem fit; and all such amendments as may be deemed necessary for the pur-

pose of determining in the existing suit the real question in controversy between the parties, shall be so made, if duly applied for. (Nov. 23, 1828, Secs. 25, 50; Ch. 1096, Feb. 8, 1861, Sec. 74)" Sec. 4295 (2629) C. G. L. See Jones v. Brows, 82 Fla. 131, 89 So. 424.

It is true the plaintiff did not expressly and specifically claim interest on the account, but the *ad damnum* to the count covered $750.00 and the proceedings are consistent with a claim of $417.54 and legal interest on the open account, and such legal interest would make the claim on the account exceed $500.00 independent of the claim on the $200.00 note in the second count of the declaration, which count also stated the *ad damnum* as $750.00. See Ring v. Merchants Broom Co., 68 Fla. 515, 67 So. 132; G. F. & A. Ry Co. v. Andrew,s 61 Fla 246, 54 So. 461; Director Gen. of R. Rs v. Wilford, 81 Fla. 430, 88 So. 256.

There was ambiguity in the first count, as it did not clearly show the claim on the account was limited to $417.54; and the amended declaration permitted to be filed under the statute clearly claims $417.54 and interest, totaling $514.00 claimed on the first count at the time the action was begun, showing jurisdiction of the court as to the first count; and such amendment is not a departure in pleading, but more clearly states the claim first made. See Ivey v. So. States Power Co., 128 Fla. 345, 174 So. 834.

Rule discharged.

TERRELL, C. J., BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.