334 So.2d 324 (1976)
PTS OF GAINESVILLE, INC., Appellant,
v.
OLIVETTI CORPORATION OF AMERICA, a Corporation, Appellee.
No. BB-168.
District Court of Appeal of Florida, First District.
June 30, 1976.
Peter Enwall, of Enwall & Silverman, Gainesville, for appellant.
Edwin W. Held, Jr., Jacksonville, for appellee.
BOYER, Chief Judge.
The trial court entered final summary judgment in favor of appellee, plaintiff below, and denied therein appellant's motion to dismiss for lack of subject matter jurisdiction. Appellant's sole claim on appeal is that the trial court was without subject matter jurisdiction because the allegation of damages in appellee's amended complaint did not meet the $2,500 jurisdictional amount.
The record indicates that the parties entered into two contracts in April and August of 1973, whereby appellee agreed to sell to appellant certain equipment. Each contract contained a provision for attorney's fees in the event of default. Appellee filed suit for breach of contract, alleging that appellant owed $1,950 on the April contract and $1,086.70 on the August contract. Appellee demanded appropriate damages, including attorney's fees.
The $2,500 jurisdictional amount for circuit courts is statutorily required. F.S. Sections 26.012(2)(a) and 34.01(1). Appellee claims that it attained the jurisdictional amount by virtue of its $1,950 *325 amount due on the April contract plus reasonable attorney's fees. We agree. Attorney's fees which are expressly promised are as much a part of the amount involved in the suit for the purpose of determining the jurisdiction as are the principal and interest. Ring v. Merchants' Broom Co., 1914, 68 Fla. 515, 67 So. 132. The test for determining jurisdiction of the circuit court is the amount claimed and put into controversy in good faith. Massachusetts Cas. Ins. Co. v. Johansen, Fla. App.3rd, 1971, 270 So.2d 397. Although the trial court only awarded $400 in attorney's fees, appellant made no showing that appellee did not in good faith claim attorney's fees that would bring the larger of the two separate breach of contract claims within the jurisdiction of the circuit court.
AFFIRMED.
RAWLS and McCORD, JJ., concur.