**BAILEY EMPLOYMENT SYSTEM, INC., Plaintiff-Appellee,**

v.

**Clifford HAHN, Defendant-Appellant,**

v.

**Shelton LEIGHTON, Additional Defendant on Counterclaim-Appellee.**

No. 1277, Docket 81–7002.

United States Court of Appeals, Second Circuit.

Argued April 23, 1981.

Decided July 23, 1981.

474

Madeleine F. Grossman, New Haven, Conn. (Wiggin & Dana, New Haven, Conn., of counsel), for defendant-appellant Clifford Hahn.

Dion W. Moore, Bridgeport, Conn. (Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., Donald E. Wetmore, Wetmore & Martin, Shelton, Conn., of counsel), for plaintiff-appellee Bailey Employment System, Inc.

Before FRIENDLY and MESKILL, Circuit Judges, and MacMAHON, District Judge.*

MESKILL, Circuit Judge:

In this diversity action, Clifford Hahn appeals from a judgment entered upon a verdict for the plaintiff, after a non-jury trial, in the United States District Court for the District of Connecticut, Daly,

---

* Honorable Lloyd P. MacMahon, Chief Judge, United States District Court for the Southern District of New York, sitting by designation.

J., requiring him to pay the amount due on a $10,000 interest-bearing note.[1] Hahn admitted at trial that he executed the note, that Bailey demanded payment, and that he refused to pay. Hahn also counterclaimed, however, alleging fraud and unfair trade practices by Bailey and its president, Sheldon Leighton. In a memorandum decision, the district court dismissed Hahn's counterclaim.

On appeal, Hahn only contests the dismissal of his counterclaim for unfair trade practices. Appellant contends that the district court incorrectly applied Connecticut rather than Massachusetts law in this case, and that even if Connecticut law applies, Judge Daly improperly abstained from construing the Connecticut Unfair Trade Practices Act, Conn.Gen.Stat.Ann. §§ 42–110a to –110q (Supp.1981) (CUTPA), and thus erroneously failed to adjudicate his claim asserted under that statute. For the reasons stated below, we remand to the district court with instructions to construe CUTPA and apply it to the facts developed at trial.

### BACKGROUND

Appellant did not provide us with a trial transcript; the trial court's findings of fact and a review of the record reveal the following: Bailey, a Connecticut corporation with its principal place of business in that state, franchises employment agencies and assists in their operation. The franchises benefit from the utilization of the Bailey System, a "unique methodology" which includes, among other things, the use of a computer network that permits the Bailey agencies to share employment data. Defendant Hahn, a Massachusetts domiciliary, obtained a Bailey promotional brochure from a business broker and became interested in starting a Bailey franchise in Lexington, Massachusetts. He contacted Bailey's president, Sheldon Leighton, who made various oral and written representations to him respecting the Bailey System and the profitability of its franchises. These representations formed the basis for Hahn's allegations of fraud and unfair trade practices. The district court found, A. 41, and the parties do not dispute, that most of these alleged misrepresentations occurred in Connecticut. Buoyed by the prospects for success, Hahn purchased a franchise for $20,000. The final contract was executed in Connecticut where Hahn paid Bailey $10,000 in cash and gave a promissory note for the balance due in one year. A. 41. Profits during the first year of Hahn's Massachusetts franchise were disappointingly low. Net earnings were only $224 during the first six months of operation and only $1,213 during the next six months. Ultimately, Hahn defaulted on his obligation when it came due,[2] and this lawsuit followed.

### DISCUSSION

Owing to uncertainty as to which state's law applied in this case, appellant instituted his counterclaim for unfair trade practices under both the Connecticut Unfair Trade Practices Act (CUTPA)[3] and a simi-

1. Because interest had accrued on the instrument prior to its maturity, the amount in controversy satisfies the requirement of 28 U.S.C. § 1332(a). *Brainin v. Melikian*, 396 F.2d 153 (3d Cir. 1968); *see* 1 J. Moore, Federal Practice ¶ 0.99[1].

2. The note came due before the end of the first full year of operations because operations did not begin immediately upon purchase of the franchise.

3. Section 42–110b of CUTPA provides:
   (a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

   (b) It is the intent of the legislature that in construing subsection (a) of this section, the commissioner and the courts of this state shall be guided by interpretations given by the federal trade commission and the federal courts to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.

   (c) The commissioner may, in accordance with chapter 54, establish by regulation acts, practices or methods which shall be deemed to be unfair or deceptive in violation of subsection (a) of this section. Such regulations shall not be inconsistent with the rules, regulations and decisions of the federal trade commission and the federal courts in inter-

lar Massachusetts act, Mass.Gen.Laws Ann. ch. 93A, § 2 (West 1981).[4] The district court correctly applied Connecticut's choice of law rules, *see Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), and concluded that Connecticut rather than Massachusetts law applied in this case. Appellant contends that Massachusetts law should have been applied, but we find no error with respect to this part of the court's decision.

Connecticut's choice of law is governed by traditional principles, and, in the case of tort actions, the rule of *lex loci delicti* still obtains. *See Gibson v. Fullin*, 172 Conn. 407, 411, 374 A.2d 1061 (1977). Appellant contends that under Connecticut law the tort is deemed to have occurred where the injury was sustained, citing *Patch v. Stanley Works*, 448 F.2d 483, 492 (2d Cir. 1971) (applying Connecticut choice of law), and that in misrepresentation cases, the injury occurs where the "economic impact" is felt; thus, appellant argues that because he incurred financial losses in his franchise in Massachusetts, under Connecticut's choice of law, Massachusetts law should have been applied in this case. Appellant's seemingly convincing syllogism fails, however, to include one relevant premise—that Hahn also sustained substantial monetary injury in the state of Connecticut.

Pursuant to Hahn's agreement with Bailey which was executed in Connecticut, A. 41, Hahn paid Bailey $10,000 in cash and incurred a $10,000 obligation to Bailey on a note. Indeed, as part of his counterclaim which is based upon Bailey's alleged misrepresentations, appellant seeks recovery of the $10,000 he paid Bailey and rescission of his obligation on the note. Since the parties do not dispute the district court's finding that most of the alleged misrepresentations occurred in Connecticut, that finding coupled with the appellant's injury in Connecticut just described, is sufficient to support the district court's conclusion that under Connecticut's choice of law principles, the law of Connecticut should be applied in this case.

In any event, the choice of law should have little practical effect here because the pertinent provisions of the Massachusetts and Connecticut acts are nearly identical. They both create causes of action that go far beyond the scope of the common law action for fraud, *Slaney v. Westwood Auto, Inc.*, 366 Mass. 688, 703, 322 N.E.2d 768 (1975); *see Murphy v. McNamara*, 36 Conn.Sup. 183, 416 A.2d 170, 174–75 (1979), and both acts were modeled after the Federal Trade Commission Act (FTCA). Additionally, the two acts borrowed the language of section 5(a)(1), 15 U.S.C. § 45(a)(1) of the FTCA, forbidding "unfair or deceptive acts or practices," and, even more important, both expressly provide that judicial interpretation of that language should be guided by rulings of the Federal Trade Commission (FTC) and the federal courts respecting section 5(a)(1) of the FTCA. Mass.Gen.Laws Ann. ch. 93A § 2; Conn. Gen.Stat.Ann. § 42–110b(b); *see generally* Model Statute, *An Act to Prohibit Unfair and Deceptive Trade Practices*, 7 Harv.J. Legis. 122, 129–31 (1969).

preting the provisions of the Federal Trade Commission Act.

(d) It is the intention of the legislature that this chapter be remedial and be so construed.

4. Chapter 93A § 2 provides:

(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

(b) It is the intent of the legislature that in construing paragraph (a) of this section in actions brought under sections four, nine and eleven, the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.

(c) The attorney general may make rules and regulations interpreting the provisions of subsection 2(a) of this chapter. Such rules and regulations shall not be inconsistent with the rules, regulations and decisions of the Federal Trade Commission and the Federal Courts interpreting the provisions of 15 U.S.C. 45(a)(1) (The Federal Trade Commission Act), as from time to time amended.

■ Appellant also contends that even if the Connecticut statute governs this case, the district court erred in refusing to construe CUTPA's provisions. Both parties agree that, despite the dearth of Connecticut precedent,[5] the court should have construed CUTPA. As stated in *Marina Management Corp. v. Brewer*, 572 F.2d 43, 46 (2d Cir.), *cert. denied*, 439 U.S. 829, 99 S.Ct. 104, 58 L.Ed.2d 123 (1978):

> The silence of Connecticut's courts ... neither releases us from our responsibility nor lightens our burden. *See Meredith v. Winter Haven*, 320 U.S. 228, 234, 64 S.Ct. 7[10], 88 L.Ed. 9 (1943). In such circumstances, we must "do the best we can in estimating 'what the state court would rule to be its law.'" *Holt v. Seversky Electronatom Corp.*, 452 F.2d 31, 34 (2d Cir. 1971), quoting *Bernhardt v. Polygraphic Co. of America, Inc.*, 350 U.S. 198, 209, 76 S.Ct. 273 [279] 100 L.Ed. 199 (1956) (Frankfurter, J., concurring).

Bailey, however, argues that a fair reading of Judge Daly's opinion reveals that he did construe CUTPA.

Owing to the ambiguity of the district court's opinion, it is unclear whether the court undertook its obligation to construe the Connecticut statute.[6] Judge Daly stated:

> Significant questions, such as whether either "unfair methods" or "deceptive acts" includes non-disclosures of the sort plaintiff allegedly engaged in, or whether "person" includes a franchisor such as plaintiff, remain for decision by the state supreme court .... Neither the plain language of the statute nor the dicta in [the one relevant Connecticut opinion] is guidance for this Court to construe and apply the statute as defendant urges.

In another passage of its opinion, the district court refused to look to a relevant FTC rule in construing CUTPA despite CUTPA's express provision that "the courts of this state shall be guided by interpretations given by the [FTC] and the federal courts to section 5(a)(1) of the [FTCA]." Conn.Gen.Stat.Ann. § 42–110b(b). Judge Daly stated that this language was only "an expression of legislative intent of how *state* courts should be guided in interpreting [CUTPA]'s prohibition," and that as a federal court he should not look to the federal rule because "no state court has yet found that the federal rule is so incorporated." (emphasis added). However, as we recently stated in *Cunninghame v. The Equitable Life Assurance Society of the United States*, 652 F.2d 306, 308 (2d Cir. 1981),

> When there is an absence of state authority on an issue presented to a federal court sitting in diversity, as has occurred here, the federal court must make an estimate of what the state's highest court would rule to be its law. *In re Leasing*

---

5. Subsequent to oral argument, the Connecticut Supreme Court construed CUTPA in *Hinchliffe v. American Motors Corp.*, —— Conn. ——, —— A.2d ——, 43 Conn.L.J., July 21, 1981, at 14.

6. We note that Judge Daly may have been influenced by our decision in *Naylor v. Case and McGrath, Inc.*, 585 F.2d 557 (2d Cir. 1978), where we ordered Judge Daly to abstain from interpreting CUTPA because "[t]he questions of state law presented [were] not free of difficulty, and they [bore] importantly on the formation of enforcement policy around the relatively new and recently amended Unfair Trade Practices Act." *Id.* at 564. *Naylor*, however, is distinguishable from the case at bar. In *Naylor*, the case had been removed from state court on the basis of a federal claim which was subsequently dismissed, and continued jurisdiction over the pendent claim rested in the discretion of the trial judge. Additionally, in *Naylor*,

the provision under scrutiny had no parallel in the FTCA, making its construction especially difficult without the benefit of Connecticut precedents. And finally, the State of Connecticut intervened to urge abstention. Here, by contrast, no one has urged abstention; the controversial language of CUTPA forbidding "unfair or deceptive acts or practices," § 42–110b(a), is identical to the language of section 5(a)(1) of the FTCA; and ample precedents exist to guide the court's interpretation of CUTPA, *see, e. g. Ger-Ro-Mar, Inc. v. F.T.C.*, 518 F.2d 33 (2d Cir. 1975); *F.T.C. v. Sterling Drug, Inc.*, 317 F.2d 669 (2d Cir. 1963); *Slaney v. Westwood Auto, Inc., supra*. In sum, *Naylor* does not support the district court's refusal to construe CUTPA. On the contrary, the failure to construe CUTPA in this diversity action would unnecessarily and unfairly deprive defendant of his counterclaim merely because he raised it in a federal forum.

*Consultants Inc.*, 592 F.2d 103, 109 (2d Cir. 1979); *Holt v. Seversky Electronatom Corp.*, 452 F.2d 31, 34 (2d Cir. 1971); *see Cooper v. American Airlines, Inc.*, 149 F.2d 355, 359 (2d Cir. 1945).

In the case at bar, we can safely presume that the Connecticut legislature did not view the federal courts as any less capable than its own state courts to review decisions of the FTC in § 5(a)(1) cases for guidance in the interpretation and application of CUTPA.

At any rate, even if the district court did construe CUTPA, it did not adequately perform the task. The district court did not attempt to demarcate the boundaries of CUTPA or evaluate the act in the context of the evidence before it. The district judge's decision contains no language predicting how Connecticut's highest court would construe CUTPA. Nor does Judge Daly's opinion refer to relevant federal and Massachusetts cases. Accordingly, we must remand the case to the district court to clarify its interpretation of CUTPA and to apply the statute to the facts adduced at trial.

It is arguable that a remand is improper since appellant failed to supply us with relevant portions of the trial transcript in violation of Federal Rule of Appellate Procedure 10(b), and because any error below may have been harmless; however, our review of the record and the court's findings of fact convinces us that the defendant established at least a prima facie case of deceptive practices under CUTPA. Indeed, appellant argues that we need not remand because the plaintiff's admissions and the court's findings of fact establish, as a matter of law, that plaintiff committed unfair trade practices. We disagree. The initial construction and application of CUTPA should be made by the trial court.

The judgment is vacated and the case is remanded to the district court for proceedings consistent with this opinion. No additional evidence should be taken and any further appeals must be accompanied by the relevant portions of the trial transcript. We retain jurisdiction.

Each party shall bear his own costs of this appeal.