782 So.2d 1011 (2001)
Paul DeROSA, Vito DeRosa, and Nicoletta DeRosa, Appellants,
v.
Dominick PUGLIESE, Appellee.
No. 4D00-3001.
District Court of Appeal of Florida, Fourth District.
April 25, 2001.
Bard D. Rockenbach of Sellars, Marion & Bachi, P.A., West Palm Beach, for appellants.
Roger C. Hurd of Hurd, Horvath & Dinkin, P.A., Palm Beach Gardens, for appellee.
PER CURIAM.
Paul DeRosa, Vito DeRosa and Nicolette DeRosa appeal the trial court's Final Judgment of Default entered in favor of Dominick Pugliese. We reverse and remand.
Appellee filed his motion for entry of clerk's default on August 28, 1998. Appellants served their "Answer with Affirmative Defenses" by mail on September 11, 1998. The Clerk did not enter default until September 15, 1998.
Florida Rule of Civil Procedure 1.491 provides:
When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.
(Emphasis added.) However, Florida Rule of Civil Procedure 1.500(c) provides that "[a ] party may plead or otherwise defend at any time prior to an entry of default."
We hold that the clerk's default was void ab initio because appellants served their answer and affirmative defenses before the clerk entered its default. Therefore, appellants were not required to raise the argument in the trial court that the default was void in order to preserve that point for appellate review. See Sunniland Bank v. Mosley, 659 So.2d 1184 (Fla. 4th DCA 1995); Clement v. Marcus, Stowell & Beye, Inc., 516 So.2d 1137 (Fla. 4th DCA 1987); Gibraltar Serv. Corp. v. Lone and Assoc., 488 So.2d 582 (Fla. 4th DCA 1986); Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980). Accordingly, we reverse and remand with directions to the trial court to vacate the default and the final judgment entered thereon.
REVERSED and REMANDED.
DELL, STONE, and KLEIN, JJ., concur.