STEVENSON, J.
Appellant Matilde A. Palacin challenges a final summary judgment of foreclosure entered in favor of HSBC Bank USA National Association (“the Bank”). Finding merit in Palacin’s argument that an erroneously-entered clerk’s default could not provide the basis for the summary judgment, we reverse.
Here, the clerk entered a default in response to the Bank’s motion filed on the same day. Unbeknownst to the clerk, the day before the default was entered, Pala-cin, through counsel, had served a motion seeking additional time to respond to the complaint. Palacin did not file a motion to vacate the clerk’s default. Instead, she filed a motion to dismiss. The trial court denied the motion to dismiss and granted Palacin twenty days to file an answer. Palacin filed her answer, raising lack of standing and failure to comply with conditions precedent as affirmative defenses.
During the subsequent summary judgment proceedings, the Bank insisted the clerk’s default was still valid and, as such, it was entitled to summary judgment without regard to the affirmative defenses. The trial court accepted this argument and entered the summary judgment that gave rise to this appeal.
In this case, the clerk’s default was entered in error and was invalid. See Becker v. Re/Max Horizons Realty, Inc., 819 So.2d 887, 890 (Fla. 1st DCA 2002) (recognizing clerk’s default can be entered pursuant to Fla. R. Civ. P. 1.500(a) only where defendant failed to file or serve any “paper”; a “paper” includes “any written communication that informs the plaintiff of the defendant’s intent to contest the claim”); see also U.S. Bank Nat’l Ass’n v. Lloyd, 981 So.2d 633, 640 (Fla. 2d DCA 2008) (noting clerk’s default invalid if entered where plaintiff is aware defendant is represented and intends to defend on the merits). Moreover, even after entry of the default, the trial court allowed the litigation to continue and entered an order expressly affording Palacin the right to defend on the merits. Thus, it was error for the trial court to later rely upon the clerk’s default in entering summary judgment in favor of the Bank. And, having reviewed the evidence, it is clear to this court that genuine issues of material fact remain with regard to the Bank’s standing and its com *700 pliance with conditions precedent to acceleration.

Reversed and remanded.

WARNER and GERBER, JJ., concur.