# Third District Court of Appeal

## State of Florida

Opinion filed October 23, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2274
Lower Tribunal No. 23-21516
_____


**Michael Prada,**
Appellant,

vs.

**Gustavo Pol Ramirez,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Reizenstein & Sola, PLLC, Bhakti Kadiwar, and Philip L. Reizenstein, for appellant.

The Bravo Law Firm, PLLC, and Jason Bravo, for appellee.


Before SCALES, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Michael Prada, seeks relief from a default final judgment granting specific performance in favor of appellee, Gustavo Pol Ramirez.[1] "[E]ntry of a clerk's 'default [as authorized under Florida Rule of Civil Procedure 1.500(a)] is not appropriate in cases where the plaintiff knows that a defendant is represented by counsel who intends to assert matters in defense of the cause of action,'" Contreras v. Stambul, 306 So. 3d 1143, 1144 (Fla. 3d DCA 2020) (quoting Gulf Maint. & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So. 2d 813, 816 (Fla. 1st DCA 1989)) (alteration in original), and here, the record unequivocally demonstrates that Ramirez was aware Prada was represented and seeking to engage in settlement negotiations when the clerical default was entered. Accordingly, we reverse and remand for further proceedings. See M.W. v. SPCP Grp. V, LLC, 163 So. 3d 518, 519 (Fla. 3d DCA 2015) (finding presuit contacts between counsel, including a letter and phone conversation, constituted notice that "defendant was represented by counsel and intended to defend" the suit on the merits); Apple Premium Fin. Serv. Co. v. Tchrs. Ins. & Annuity Ass'n of Am., 727 So. 2d 1089, 1090 (Fla. 3d DCA 1999) ("[C]orrespondence between counsel and a presuit settlement conference between counsel and

---

[1] Although entitled a motion for default judgment, the underlying motion substantively sought entry of summary judgment pursuant to Florida Rule of Civil Procedure 1.510.

2

representatives of the respective clients" constituted an indication that "defendant is being represented by counsel who has expressed an intention to defend on the merits") (quoting Ole, Inc. v. Yariv ex rel. Yariv, 566 So. 2d 812, 815 (Fla. 3d DCA 1990)); Becker v. Re/Max Horizons Realty, Inc., 819 So. 2d 887, 890 (Fla. 1st DCA 2002) ("For purposes of construing the right to enter a default under rule 1.500(a), the term 'paper' is construed liberally and includes any written communication that informs the plaintiff of the defendant's intent to contest the claim."); EGF Tampa Assocs. v. Edgar V. Bohlen, G.F.G.M. A.G., 532 So. 2d 1318, 1320–21 (Fla. 2d DCA 1988) (finding letter requesting information about the lawsuit constituted paper); NCR Corp. v. Cannon & Wolfe Lumber Co., 501 So. 2d 157, 158 n.1 (Fla. 1st DCA 1987) (noting a paralegal's letter "acknowledg[ing] a telephone conversation with appellee's counsel" deemed paper under rule 1.500); Reicheinbach v. Se. Bank, N.A., 462 So. 2d 611, 612 (Fla. 3d DCA 1985) ("We reject appellee's assertion that the letter was insufficient to require notice because it was not a responsive pleading.  The rule does not limit the type of paper to be served. . . .  Our holding accords with the liberal policy of Florida courts to grant motions to set aside defaults."); Ace Funding Source, LLC v. A1 Transp. Network, Inc., 314 So. 3d 726, 728 (Fla. 3d DCA 2021)

(holding clerk's default was improperly entered due to correspondence between parties' attorneys).

Reversed and remanded.